UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

DAMIEN D. PUGH,

       Plaintiff,

v.

CANADIAN LAKES PROPERTY
CORPORATION,

       Defendants
_____/

Case No. 1:25-cv-00784

Hon. Robert J. Jonker
U.S. District Judge

## **REPORT AND RECOMMENDATION**

**I. Introduction**

*Pro se* Plaintiff Damien D. Pugh filed a civil complaint against Canadian Lakes Property Corporation on June 27, 2025. (ECF No. 1.) Pugh asserts that federal court diversity jurisdiction is appropriate because he is a resident of Washington State and is suing a Michigan corporation for an amount exceeding $75,000.

The facts in the complaint are sparse, and it is difficult to ascertain exactly what Pugh is claiming. Pugh alleges that he owned two undeveloped properties in the Canadian Lakes Property Owners Corporation. He alleges that Defendant began charging "parcel fees as both properties did not use any municipal services. On June 26, someone forge my name conveying both properties to unknown entities." (*Id.*, PageID.5.) Pugh would like the parcels returned to him. (*Id.*)

Pugh has attached exhibits to his complaint. The first exhibit has photos of deeds conveying property to Pugh in 2021. One deed conveys property for $1,200, and another deed conveys property for $800. (*Id.*, PageID.10.) The second and third

exhibits are partial copies of Notice of Liens in the amount of $2,991.08 on the two properties.  (*Id.*, PageID.11-12.)

Pugh was granted *in forma pauperis* status on July 16, 2025.  (ECF No. 8.)

## II.  Standard of Law

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any action brought *in forma pauperis* if the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions.  *Id.*  The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  Although the plausibility standard is not equivalent to a "probability requirement, . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556).

In addition, the Court must read Plaintiff's *pro se* complaint indulgently, see *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true,

unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

### III.   Analysis

Pugh's complaint fails to establish that this court has subject matter jurisdiction in this case. "As courts of limited jurisdiction, federal courts may exercise only those powers authorized by the Constitution and statute." *Fisher v. Peters*, 249 F.3d 433, 444 (6th Cir. 2001). Federal courts have an on-going obligation to examine whether they have subject-matter jurisdiction over an action and may raise the issue sua sponte. *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010); *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006).

Pugh has failed to show that this Court has diversity jurisdiction to decide the issues asserted in his complaint. Under 28 U.S.C. § 1332(a), federal courts have original jurisdiction over civil actions where the amount in controversy exceeds $75,000, and the matter is between citizens of different states. "The burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Ali v. City of East Cleveland*, No. 1:18 cv 2068, 2018 WL 6696911, at *1 (N.D. Ohio Dec. 20, 2018). Assuming that diversity of citizenship truly exists in this case, Pugh has not come close to alleging damages that could exceed $75,000. Accepting Pugh's allegations as true he claims that he lost two properties that he purchased in 2021 for a total of $2,000.00. He alleges that the Notice of Liens in the amount of $2,991.08 were fraudulent. In the opinion of the undersigned, Pugh has failed to come close to establishing that this case meets the $75,000.00 jurisdictional amount.

Moreover, although Pugh names Canadian Lakes Property Corporation as the sole Defendant in this action, he fails to assert any claim against the corporation. Pugh alleges only that "someone" forged his name to convey the property to "unknown entities." Pugh does not explain why he sued Canadian Lakes Property Corporation. He does allege that Canadian Lakes Property Corporation began charging "parcel fees", but his lawsuit does not appear to challenge the parcel fees, because he asserts no allegations which can support such a challenge even assuming that he could meet the jurisdictional amount.

### IV. Recommendation

Accordingly, the undersigned respectfully recommends that the Court dismiss the complaint because Pugh has failed to establish that this Court has jurisdiction over his state law claim.

Dated:   August 15, 2025                                /s/ *Maarten Vermaat*
                                                        MAARTEN VERMAAT
                                                        U. S. MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).